## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ERIC J. STRAUGHEN,** | * | |
| **and** | * | |
| **BRANDY N. STRAUGHEN,** | * | |
| *Plaintiff*, | * | |
| **vs.** | * | **Civ. Action No.: 11-cv-3560** |
| **NATIONAL ENTERPRISE SYSTEMS, INC.,** | * | |
| | * | |
| **and** | * | |
| **TONYA MAYS** | * | |
| **and** | * | |
| **JANE DOES 1-10,** | * | |
| *Defendants.* | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Now come Eric J. Straughen and Brandy N. Straughen, ("Plaintiffs"), by and through their attorney, E. David Hoskins and The Law Offices of E. David Hoskins, LLC, and for their Complaint against Defendants, National Enterprise Systems, Inc., Tonya Mays, and Jane Does 1-10, Plaintiffs allege and state as follows:

## PRELIMINARY STATEMENT

1.      This is an action for actual, punitive and statutory damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq.* (hereinafter "FDCPA"); the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law, § 14-201, *et seq.* (hereinafter "MCDCA"); the Maryland Consumer Protection Act, Md. Code Ann., Com. Law, § 13-101, *et seq.* (hereinafter "MCPA") and Maryland common law.

2.      This action arises out of Defendants' illegal efforts to collect a consumer debt allegedly owed by a third-party by making an unauthorized electronic funds transfer from a bank account owned by the Plaintiffs.

## JURISDICTION AND VENUE

3.      Jurisdiction arises under the FDCPA, 15 U.S.C. §1692$k$(d) and 28 U.S.C. § 1331.

4.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

5.      Venue lies properly in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to the claim occurred within this District. Additionally, Plaintiffs reside in Baltimore City and within the District of Maryland.

## **PARTIES**

6.    Plaintiffs are each individuals who at all relevant times resided in Baltimore City, Maryland.

7.    Plaintiffs each are a "person" subject to the protections of the FDCPA and a "person" as that term is defined by the MCDCA and the MCPA.

8.    Defendant, National Enterprise Systems, Inc., is a foreign corporation engaged in the business of collecting debts in the State of Maryland with its principal place of business located at 29125 Solon Road, Solon, Ohio 44139-3442 and is authorized to do business in Maryland. The principal purpose of National Enterprise Systems, Inc.'s business is the collection of debts in this State. National Enterprise Systems, Inc. regularly attempts to collect debts alleged to be due another, and uses the United States Mail in furtherance of its collection of debts alleged to be due another.

9.    Defendant, Tonya Mays, is a citizen of a State other than Maryland and is an individual engaged in the business of collecting debts alleged to be due another in the State of Maryland, and uses the United States Mail in furtherance of her collection of debts alleged to be due another.

10.     Defendants Jane Does 1-10, are individuals whose identities are not known to the Plaintiff at this time (and may include the person identifying herself to Plaintiff as "Tonya Mays"), but which will become known upon proper discovery.

11.     At all relevant times, Defendants National Enterprise Systems, Inc., Tonya Mays and Jane Does 1-10 acted as a "debt collector" within the meaning of 15 U.S.C. §1692*a*(6) of the FDCPA. Defendant National Enterprise Systems, Inc. held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff. Defendants Tonya Mays and Jane Does 1-10 each held herself out to be a debt collector.

12.     At all relevant times, Defendants National Enterprise Systems, Inc., Tonya Mays and Jane Does 1-10 acted as a "collector" and "person" as those terms are defined by Md. Code Ann., Com. Law, § 14-201(b) of the MCDCA.

13.     The acts of Defendant, National Enterprise Systems, Inc. alleged herein were performed by its employees acting within the scope of their actual or apparent authority.

14.     At all relevant times each Defendant was the principal, agent, partner, affiliate, successor in interest or predecessor in interest of some or all of the other defendants, and was engaged with some or all of the other

defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged below. Each Defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other defendants.

**ALLEGATIONS APPLICABLE TO ALL COUNTS**

> **A.    The Debt**

15.    A third-party, Shannon L. Pollard, allegedly incurred and later allegedly defaulted on a debt to the Sallie Mae Inc. Said alleged debt will hereinafter be referred to as "the subject debt."

16.    The subject debt is a "debt" as that term is defined by 15 U.S.C. § 1692$a$(5) of the FDCPA, as it allegedly arose out of a transaction in which, money, service or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

17.    The subject debt is a "consumer transaction" as that term is defined by Md. Code Ann., Com. Law, § 14-201(c) of the MCDCA.

18.    That upon information and belief, Defendants were employed by Sallie Mae Inc. to collect the subject debt and began making telephone

calls to the Ms. Pollard shortly thereafter.

19.     Defendants attempted to collect the subject debt and, as such engaged in "communications" as defined in 15 U.S.C. § 1692*a*(2) of the FDCPA.

### B.     Defendants Have Engaged in Illegal Tactics Causing an Unauthorized Electronic Funds Transfer

20.     At the time of the conduct alleged herein, Ms. Pollard rented a room from Plaintiffs.

21.     At the time of the conduct alleged herein, Ms. Pollard did not maintain a checking, savings or other bank account.

22.     On or about October 31, 2011, Defendant Tonya Mays initiated a telephone call to Ms. Pollard and left a voice mail message requesting that Ms. Pollard return the phone call. Defendant failed to identify herself as a debt collector in the message and failed to disclose that the purpose of the phone call was an attempt to collect a debt.

23.     On October 31, 2011, Ms. Pollard placed a return phone call to Tonya Mays and engaged in a two way conversation.

24.     In the attempts to collect the aforementioned alleged debt on behalf of National Enterprise Systems, Inc. that followed, Tonya Mays used unfair or unconscionable collection means.

25.    Tonya Mays threatened Ms. Pollard that unless she entered into an agreement to make an automatic payment of $200.00 followed by a second automatic payment of $1,290.00, National Enterprise Systems, Inc. would bring a lawsuit and garnish her wages.

26.    Ms. Pollard became concerned and distressed that the threatened garnishment would adversely affect her ability to pay the monthly rent she owed Plaintiffs.

27.    On November 1, 2011, Ms. Pollard sought additional information about the repayment arrangement from Tonya Mays and was advised that the repayment plan required two (2) payments in the amounts of $200.00 and $1,290.00; that both payments had to be made by the end of November, 2011; and that the payments could only be made by an automatic withdrawal from a bank account or by providing a post dated check.

28.    Ms. Pollard was led to believe that if she did not agree to the automatic payment plan on the terms that Tonya Mays was demanding, that National Enterprise Systems, Inc. would immediately begin garnishing her wages.

29.    Believing this repayment plan to be her only option, and fearing that a garnishment would result in her losing her housing, Ms. Pollard

asked Plaintiff Brandy N. Straughen if she would lend Ms. Pollard the initial $200.00 payment due on November 14, 2011, and provide Tonya Mays an authorization for that payment from the bank account jointly owned by Plaintiffs.

30.    Plaintiff Brandy N. Straughen agreed and spoke with Tonya Mays by telephone to authorize a single automatic payment of $200.00 to occur on November 14, 2011. There was no discussion of a second payment or request for an authorization of an automatic payment of $1,290.00. Ms. Pollard was present during the conversation and heard Plaintiff Brandy N. Straughen state that the authorization was for a single payment of $200.00.

31.    Tonya Mays agreed to accept the single payment authorization and never stated to Brandy N. Straughen that Defendants would use her account for more than the single $200.00 payment. This conduct induced Brandy N. Straughen to provide Tonya Mays with confidential information about her bank account and an authorization for an automatic payment from the account.

32.    Tonya Mays never explained that under the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq.*, Brandy N. Straughen had the right to cancel the authorization for an electronic payment for up to three days prior to the transfer or that this cancellation could be oral or in writing.

33.    Later on November 1, 2011, Tonya Mays sent a letter to Ms. Pollard purporting to confirm a repayment arrangement that required Plaintiff to make an initial automatic payment of $200.00 on November 14, 2011 and a second automatic payment of $1,290.00 on November 28, 2011.

34.    On November 14, 2011, Defendants withdrew $200.00 from the bank account owned by the Plaintiffs.

35.    On November 18, 2011, Tonya Mays sent Ms. Pollard a letter advising that an automatic withdrawal in the amount of $1,290.00 would take place on November 28, 2011 and "will be deposited as directed by you." Ms. Pollard telephoned Tonya Mays to explain that she did not have the money and to request additional time to arrange for the second payment. Tonya Mays agreed to extend the due date for the second payment to November 30, 2011.

36.    On November 30, 2011, Tonya Mays called Ms. Pollard to check on the status of the payment. When Ms. Pollard advised Tonya Mays that she could not make the payment, Tonya Mays stated that unless the payment was made, National Enterprise Systems, Inc. would withdraw the amount from the Plaintiffs' bank account.

37.    After receiving this threat, Ms. Pollard became extremely distressed and reminded Tonya Mays that the account belonged to

Plaintiffs and that National Enterprise Systems, Inc. had never been authorized to withdraw the second payment from that account.

38.    Despite being reminded of this, Tonya Mays stated that National Enterprise Systems, Inc. would go ahead with the withdrawal from the bank account owned by Plaintiffs unless Ms. Pollard arranged another manner to make the second payment.

39.    Later that day, Tonya Mays placed three phones calls to Ms. Pollard, but did not leave a message. These calls occurred at 1:48 P.M., 2:30 P.M. and 8:44 P.M.

40.    On December 1, 2011, Tonya Mays and National Enterprise Systems, Inc., acting with actual malice and fraudulent intent, placed an unauthorized electronic fund transfer request which resulted in an illegal withdrawal of $1,290.00 from the bank account owned by Plaintiffs.

41.    At no time prior to this action did Tonya Mays or National Enterprise Systems, Inc. notify Plaintiffs in writing of the debt collector's intent to make this withdrawal. This failure constitutes a direct and intentional violation of 15 U.S.C. § 1692*f*(2).

42.    After discovering the unauthorized withdrawal on December 1, 2011, Plaintiff Eric Straughen telephoned and spoke with Tonya Mays. During the telephone conversation, Plaintiff Eric Straughen advised Tonya

Mays that the withdrawal of $1,290.00 had not been authorized and demanded that the funds be immediately returned. Tonya Mays refused to discuss the matter and rudely hung up on Plaintiff Eric Straughen.

43.   Despite the demand by Plaintiff Eric Straughen, National Enterprise Systems, Inc. refused to voluntarily return the funds.

### C.   Plaintiffs Suffered Actual Damages

44.   As a result of Defendants' acts, Plaintiffs have suffered actual damages including damages for inconvenience, legal fees and costs, theft of $1,290.00, loss of the use of funds, and pre-judgment interest.

### COUNT I
### Violation of the Fair Debt Collection Practices Act
### 15 USC 1692, *et. seq.*

45.   Plaintiffs hereby incorporate by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

46.   As alleged above, in its attempts to collect the aforementioned alleged debt, Defendants violated the FDCPA by using unfair or unconscionable means to collect or attempt to collect at debt in violation of 15 U.S.C. § 1692*f*.

47.   On December 1, 2011, Tonya Mays and National Enterprise Systems, Inc., acting with actual malice and fraudulent intent, placed an

unauthorized electronic fund transfer request which resulted in an illegal withdrawal of $1,290.00 from the bank account owned by Plaintiffs.

48.    At no time prior to this action did Tonya Mays or National Enterprise Systems, Inc. notify Plaintiffs in writing of the debt collector's intent to make this withdrawal. This failure constitutes a direct and intentional violation of 15 U.S.C. § 1692*f*(2).

49.    As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs have suffered actual damages including damages for inconvenience, legal fees and costs, theft of $1,290.00, loss of the use of funds, and pre-judgment interest.

**COUNT II**
**Violation of the Maryland Consumer Debt Collection Act**
**Md. Code Ann., Com. Law, § 14-201, *et seq*.**

50.    Plaintiffs hereby incorporate by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

51.    The foregoing acts and omissions of Defendants constitute numerous and multiple violations the MCDCA, Md. Code Ann., Com. Law. §14-201, *et seq*.

52.    As a result of Defendants' violations of the MCDCA, the Plaintiffs have suffered actual damages including damages for

inconvenience, legal fees and costs, theft of $1,290.00, loss of the use of funds, and pre-judgment interest.

## COUNT III
### Violation of the Maryland Consumer Protection Act
### Md. Code Ann., Com. Law, § 13-101, *et seq.*

53.    Plaintiffs hereby incorporate by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

54.    The foregoing acts and omissions of Defendants constitute a violation of the MCPA as unfair and deceptive trade practices.

55.    As a result of Defendants' violation of the MCPA, Plaintiffs have suffered an injury or loss and are entitled to actual damages and attorneys fees pursuant to Md. Code Ann., Com. Law §13-408.

56.    As a result of Defendants' violation of the MCPA, Plaintiffs have suffered actual damages including damages for inconvenience, legal fees and costs, theft of $1,290.00, loss of the use of funds, and pre-judgment interest.

## COUNT IV
### Fraud

57.    Plaintiffs hereby incorporate by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

58.     On November 1, 2011, Plaintiff Brandy N. Straughen spoke with Tonya Mays by telephone to authorize a single automatic payment of $200.00 to occur on November 14, 2011. There was no discussion of a second payment or request for an authorization of an automatic payment of $1,290.00. Ms. Pollard was present during the conversation and heard Plaintiff Brandy N. Straughen state that the authorization was for a single payment of $200.00.

59.     Tonya Mays agreed to accept the single payment authorization and never stated to Brandy N. Straughen that Defendants would use her account for more than the single $200.00 payment. This conduct induced Brandy N. Straughen to provide Tonya Mays with confidential information about her bank account and an authorization for an automatic payment from the account.

60.     Tonya Mays never explained that under the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq*., Brandy N. Straughen had the right to cancel the authorization for an electronic payment for up to three days prior to the transfer or that this cancellation could be oral or in writing.

61.     On November 30, 2011, Tonya Mays threatened Ms. Pollard that unless Ms. Pollard made a payment of $1,290.00, National Enterprise Systems, Inc. would withdraw the amount from the Plaintiffs' bank

account. Ms. Pollard reminded Tonya Mays that the account belonged to Plaintiffs and that National Enterprise Systems, Inc. had never been authorized to withdraw the second payment from that account. Notwithstanding being provided this knowledge, Tonya Mays stated that National Enterprise Systems, Inc. would go ahead with the withdrawal from the bank account owned by Plaintiffs unless Ms. Pollard arranged another manner to make the second payment.

62.    Plaintiff Brandy N. Straughen relied upon the statements and conduct of Tonya Mays and was led to disclose private and confidential information about the Plaintiffs' bank account to National Enterprise Systems, Inc. and to provide an authorization for a single automatic payment of $200.00.

63.    The agreement to provide authorization for an automatic payment was based upon Tonya Mays' deceitful conduct and false representation that National Enterprise Systems, Inc. would use the authorization only for the $200.00 payment.

64.    The agreement to provide authorization for an automatic payment was based upon Tonya Mays' non-disclosure of the material fact that National Enterprise Systems, Inc. would use the authorization for the $1,290.00 payment if that payment was not made by Ms. Pollard.

65.    The purpose of conduct of Tonya Mays and National Enterprise Systems, Inc. was to defraud Plaintiffs into paying funds that they did not owe to National Enterprise Systems, Inc.

66.    Tonya Mays actually knew that the representation alleged herein was false and expected Plaintiff Brandy N. Straughen to rely upon the deceitful conduct alleged herein. Plaintiffs are therefore entitled to punitive damages.

67.    As a direct result of the reliance upon the deceitful conduct, false representations and no-disclosure of material facts alleged herein, Plaintiffs have suffered actual damages including damages for inconvenience, legal fees and costs, theft of $1,290.00, loss of the use of funds, and pre-judgment interest.

**COUNT V**
**Conversion and Civil Theft**

68.    Plaintiffs hereby incorporate by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

69.    Through the deceitful conduct alleged above, Defendants improperly and illegally obtained confidential information about the Plaintiffs' bank account and an automatic payment authorization which Defendants used to obtain an electronic funds transfer of $1,290.00 from

Plaintiffs' personal bank account.

70.    Defendants obtained this information with the intent to exercise control over the Plaintiffs' personal bank account to obtain an electronic funds transfer of $1,290.00

71.    On December 1, 2011, Defendants illegally exerted ownership of the Plaintiffs' personal bank account to obtain an electronic funds transfer of $1,290.00 despite having actual knowledge that the transfer was not authorized by the Plaintiffs. Plaintiffs are therefore entitled to punitive damages.

72.    Plaintiffs have suffered actual damages including damages for inconvenience, legal fees and costs, theft of $1,290.00, loss of the use of funds, and pre-judgment interest.

WHEREFORE, Plaintiffs Eric J. Straughen and Brandy N. Straughen respectfully pray for a judgment against Defendants, jointly and severally, as follows:

a.    Restitution and actual damages pursuant to 15 U.S.C. § 1692$k$(a)(1); Md. Code. Ann., Com. Law. §14-203 and Md. Code Ann., Com. Law §13-408, in the amount of $10,000.00;

b.    Statutory damages of $1,000.00 for each Plaintiff, pursuant to 15 U.S.C. § 1692$k$(a)(2)(A);

c.      Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692*k*(a)(3) and Md. Code Ann., Com. Law §13-408;

d.      Punitive damages in the amount of $1,000,000.00 or such other amount as is found appropriate; and

e.      For such other and further relief as may be just and proper.

## JURY DEMAND

Pursuant to Rule of Civil Procedure 38, Plaintiffs hereby demand a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiffs prevail on any of their claims in this action.

Respectfully Submitted,

_____/s/ E. David Hoskins_

E. David Hoskins, Bar No. 06705
THE LAW OFFICES OF E. DAVID HOSKINS, LLC
Quadrangle Building at Cross Keys

2 Hamill Road, Ste. 36
Baltimore, Maryland 21210
(410) 662-6500 (Tel.)
(410) 662-7800 (Fax)
*dhoskins@hoskinslaw.com*